GARRISON, Judge.
On September 4, 1984, Whitman Wilcox filed suit against Toney Tillis for damages incurred as a result of injuries sustained in an automobile accident on September 6, 1983. In this petition, the plaintiff, Wilcox, alleged that the sole cause of the accident was the negligence of the defendant, Tillis. On January 17, 1985, the plaintiff filed a motion for default alleging that the defendant was served with process on November 12, 1984 and that the defendant had failed to answer plaintiff’s lawsuit. Pursuant to LSA-C.C.P. art. 1702[1] the plaintiff subsequently filed a sworn affidavit and medical report of his physician, Dr. Windsor Dennis, along with itemized bills for Dr. Dennis’ services and for the services of a physical therapist. Additionally, plaintiff submitted an estimate of repair costs for this automobile.
After hearing testimony in this case, the trial judge confirmed the plaintiff’s motion for default on April 10, 1985 and entered judgment in favor of the plaintiff in the amount of $1,450.00 with legal interest from date of judicial demand and all costs. In his reasons for judgment, the trial judge specified that this award consisted of $1,000.00 in general damages and $450.00 in special damages. Because the trial judge found that the medical bills and the physical therapy bills were excessive, he awarded only $450.00 of the requested $1,340.00 in medical expenses. Furthermore, the trial judge refused to award any damages for the automobile repairs based on his reasoning that the repair estimate *611 submitted by the plaintiff was not admissible without testimony or proof of payment.
Defendant has not appealed this judgment. Plaintiff appeals the amount of special damages awarded by the trial judge.
Specifically, plaintiff argues that the trial court erred in reducing the amount of damages requested by the plaintiff. He maintains that the requested special damages were proven by the testimony and evidence and that, therefore, the trial judge was without justification in reducing this award.
There is no merit in the appellant’s argument. It is well established that when a trial judge has considered a particular element of damages, the award for those damages should not be changed unless the record shows that the trial judge abused his great discretion. Alphonso v. Charity Hospital of Louisiana at New Orleans, 413 So.2d 982 (La.App. 4th Cir.1982), writ denied, 415 So.2d 952 (La.1982). Although C.C.P. art. 1702 allows a plaintiff to introduce a sworn narrative report of the treating physician in lieu of his testimony, it does not strip the trial judge of his ability to exercise his discretion in the awarding of damages. A review of the record does not indicate that the trial judge abused his discretion in reducing the plaintiffs award for past medical expenses.
As for the automobile repair estimate, the trial judge correctly excluded this item of damages from the plaintiffs award. There is no provision in article 1702 or in any other article for the introduction of a property damage estimate in lieu of testimony or other evidence substantiating such a claim.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, J., dissents in part.

. LSA-C.C.P. art. 1702 states as follows:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. When the sum due is an open account or a promissory note or other negotiable instrument, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by jaw and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
D.When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.