572 So.2d 739 (1990)
Marvin PEEL, et al.
v.
Lisa M. RAY, Jewell Huddleston, ABC Insurance Company, et al.
No. 90-CA-0582.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Dorothy A. Pendergast, Kenner, for defendant-appellant Automotive Cas. Ins. Co.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
PER CURIAM.
Defendant Automotive Casualty Insurance Co. appeals a trial court judgment granting a default judgment in favor of plaintiff Marvin Peel. We reverse and remand the case for further proceedings.

Facts
Plaintiff Marvin Peel was involved in an automobile accident with a vehicle driven by defendant Lisa Ray on July 1, 1988. On October 25, 1988, Peel filed a petition for damages, naming Ray, her insurer, and appellant Automotive Casualty, which was identified as "the uninsured/underinsured, comprehensive and/or liability insurance carrier for plaintiff." On June 26, Peel filed an amended and supplemental petition, adding two additional defendants. The record contains two motions for default filed against Automotive Casualty one filed June 30, 1989, the day after the filing of the amended and supplemental petition, stating that Automotive Casualty was served on October 25, 1988, and one filed September 22, 1989, stating that Automotive Casualty was served on May 26, 1989. The record contains only one return on the service to Automotive Casualty through the Secretary of State; it was served on May 26, 1989, but does not indicate whether it is service of the original petition, the amended and supplemental petition, or both.
The plaintiff confirmed a default against Automotive Casualty by a judgment dated December 21, 1989. During the default proceeding, the plaintiff stated that he had "automobile insurance with Automotive Casualty" and testified concerning his alleged injuries and property damages. No documents were presented to prove either the existence of an insurance contract between the plaintiff and Automotive Casualty *740 or to prove the alleged personal injury. The only evidence of the alleged property damage was an estimate. The trial court awarded the plaintiff $3,368 in special damages and $2,500 for pain and suffering.
Automotive Casualty appeals, claiming that the default was improperly granted for two reasons: (1) Automotive Casualty was never served with the amended and supplemental petition, and (2) the evidence presented by the plaintiff was insufficient to sustain the judgment rendered. The plaintiff failed to file a brief in this court. After reviewing the evidence in the record, we find that the default judgment was improperly granted because the evidence presented by the plaintiff was insufficient to support his claims.

Sufficiency of the Evidence
La.C.C.P. art. 1702 requires generally that "judgment[s] of default must be confirmed by proof of the demand sufficient to establish a prima facie case." In interpreting this article, the jurisprudence has established that the contract of insurance is an essential element of plaintiff's prima facie case to confirm a default against an insurance company. Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2d Cir.1985). In Brown, the plaintiff presented letters from the insurer's claims supervisors to the plaintiff's attorney and a copy of a letter concerning settlement from the claims supervisor to the finance company. The court found that the letters were insufficient proof of insurance. In the instant case, the plaintiff testified only that he had "automobile insurance" with defendant Automotive Casualty, without offering the policy or specifying the type of insurance. Since the plaintiff in the instant case offered even less proof of insurance than the plaintiff in Brown, he failed to present sufficient evidence that Automotive Casualty was liable for any damages he may have sustained in the automobile accident. Thus, the trial court improperly granted the default judgment.
Additionally, the plaintiff failed to present proper evidence to document his damages. La.C.C.P. art. 1702(D) requires that claims for personal injury be proven by the testimony of a physician or by a sworn narrative report. In the instant case, the plaintiff stated that he was treated by Dr. Henry Evans for injuries suffered in the accident with Lisa Ray, but failed to present either the doctor's testimony or sworn narrative report. Thus, the plaintiff presented insufficient proof to establish his claim for his personal injuries.
The plaintiff also failed to properly document his property damage claim. In Wilcox v. Tillis, 485 So.2d 609 (La.App. 4th Cir.1986), this court upheld a trial court judgment holding that a property damage estimate was insufficient to establish a prima facie case for purposes of confirming a default judgment. Since the only evidence presented by the plaintiff to support his property damage claim was an estimate, the proof presented on that issue, like the proof presented on the personal injury issue, was insufficient.

Conclusion
For the above and foregoing reasons, the trial court judgment granting the default judgment against Automotive Casualty Insurance Co. is reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.