996 So.2d 47 (2008)
Tyrone YANCY and Florence Yancy
v.
LIBERTY SURPLUS INSURANCE COMPANY, Delta Waste Systems, Inc. and Aturo S. Small, Jr.
No. 2008-CA-0280.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 2008.
*48 David W. Bernberg, Henna Ghafoor, The Law Office of David W. Bernberg, L.L.C., New Orleans, LA, for Plaintiffs/Appellees.
Judy Y. Barrasso, H. Minor Pipes III, Susan M. Rogge, Barrasso Usdin Kupperman Freeman & Sarver, New Orleans, LA, for Liberty Surplus Insurance Company.
Jay R. Sever, Christopher R. Teske, Phelps Dunbar LLP, New Orleans, LA, for Scottsdale Insurance Company.
Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY.
PATRICIA RIVET MURRAY, Judge.
Defendants Liberty Surplus Insurance Company ["Liberty Surplus"] and Scottsdale Insurance Company ["Scottsdale"] appeal the default judgment rendered against them in the personal injury action brought by plaintiffs, Tyrone and Florence Yancy. For the reasons that follow, we vacate the default judgment and remand the matter to the trial court.

FACTS AND PROCEEDINGS BELOW
On June 28, 2005 Mr. and Mrs. Yancy filed suit against Arturo Small; his employer Delta Waste Systems, Inc. ["Delta"]; and Delta's insurer Liberty Surplus alleging that on July 12, 2004 a truck driven by Mr. Small in the course and scope of his employment had rear-ended plaintiffs' vehicle injuring plaintiffs and damaging their vehicle. On July 25, 2005, plaintiffs filed a supplemental petition naming Scottsdale as an additional insurer defendant. All four defendants were served, but none answered the petition.[1] On September 26, 2007, the district court entered a default judgment in the amount of $239, 738.38[2] against the four defendants jointly and in solido. Liberty Surplus and Scottsdale devolutively appeal the default judgment.

ISSUES
The appellants raise two issues: (1) The district court erred by confirming the *49 default judgment against Liberty Surplus and Scottsdale because plaintiffs failed to present any evidence of insurance coverage by either defendant; and (2) The district court erred by confirming the default judgment against Liberty Surplus and Scottsdale because plaintiffs failed to show the proof of service required by La. R.S. 22:1253.

DISCUSSION
La. C.C.P. article 1702 states, in pertinent part: "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Co., 480 So.2d 919 (La.App. 2d Cir.1985) (citing Weaver v. Weaver, 438 So.2d 1149 (La.App. 1st Cir.1983); Colonial Bank v. Baptiste, 370 So.2d 681 (La. App. 4th Cir.1979)).
In their first assignment of error, appellants contend the plaintiffs failed to establish a prima facie case because plaintiffs did not offer into evidence any insurance policy showing coverage by either defendant for the injuries claimed. Louisiana courts have consistently held that the insurance policy is an essential element of a prima facie case against an insurer; without the introduction of the insurance contract, no valid default judgment can be entered. See Peel v. Ray, 572 So.2d 739, 740 (La.App. 4th Cir.1990); Campbell v. Kendrick, 556 So.2d 140, 141 (La.App. 5th Cir.1990); Brown v. Trinity Insurance Co., supra. Thus, in Peel v. Ray, this court reversed a default judgment entered against an insurer wherein the plaintiff had testified that he had "automobile insurance" with the defendant insurer but had failed to introduce into evidence a copy of the insurance policy. We held that absent the policy, the evidence presented in the default proceeding was insufficient to support the judgment. 572 So.2d at 740.
The record in the instant case does not contain a copy of the Liberty Surplus policy or the Scottsdale policy. Plaintiffs contend, without citing any jurisprudential authority, that the policies are not required to establish a prima facie case under La. C.C.P. article 1702. We disagree. The jurisprudence has held that a plaintiff may be excused from the obligation of producing the insurance policy only if one of two circumstances exists: (1) the plaintiff proves that he requested during discovery an admission of coverage or production of the policy and that the defendant failed to comply with the request; or (2) the plaintiff proves the insurance contract was destroyed, lost or stolen and provides testimonial evidence of the existence and terms of the contract. Sudds v. Protective Casualty Ins. Co., 554 So.2d 149, 150 (La.App. 2d Cir. 1989). Neither exception applies in the instant case.
In view of the record, we conclude that the evidence presented was insufficient to support the plaintiffs' claims. The district court therefore erred by confirming the default judgment against the appellants absent proof of insurance coverage by either of them. In light of this conclusion, we need not address the appellants' alternative argument that the statutorily-mandated proof of service was lacking.

CONCLUSION
Accordingly, for the reasons given, we vacate the default judgment rendered against defendants Liberty Surplus and Scottsdale, and remand the matter to the trial court for further proceedings in accordance with this disposition.
VACATED AND REMANDED.
NOTES
[1] Liberty Surplus and Scottsdale, both foreign corporations, were served through the Louisiana Secretary of State.
[2] The damages awarded included $150,000.00 for Mr. Yancy's pain and suffering; $35,000.00 for Mrs. Yancy's pain and suffering; and $54,738.38 in past medical expenses for both plaintiffs combined.