480 So.2d 919 (1985)
George BROWN, Plaintiff-Appellee,
v.
TRINITY INSURANCE COMPANY, Defendant-Appellant.
No. 17412-CA
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Crawford A. Rose, Jr., Rayville, for plaintiff-appellee.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, P.C., Monroe, for defendant-appellant.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is a suit to recover property damage and damages for personal injury sustained in an automobile accident. The plaintiff (appellee) is George Brown. The defendant (appellant) is Trinity Insurance Company. Appellant appeals a default judgment in favor of plaintiff and against appellant in the sum of $50,000.00. Plaintiff neither appealed nor answered the appeal.
The only issue on appeal is whether plaintiff proved a prima facie case necessary to obtain a valid default judgment.

Facts
Plaintiff and Mrs. O.L. Whittington were involved in an automobile accident on December 15, 1980. Plaintiff sued appellant alleging it was the liability insurance carrier of Mrs. Whittington. A preliminary default was entered and a default judgment was rendered in favor of plaintiff and against appellant in the sum of $50,000.00.
Appellant contends the trial court erred in rendering a default judgment without sufficient proof of insurance coverage. We agree.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. In order to obtain reversal of a default judgment appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Chaison v. LeBlanc, 363 So.2d 87 (La.App. 3d Cir.1978). In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Weaver v. Weaver, 438 So.2d 1149 (La.App. 1st Cir.1983); Colonial Bank v. Baptiste, 370 So.2d 681 (La.App.4th Cir.1979).
*920 Plaintiff's claim is based upon a liability insurance contract written by appellant which provided liability coverage to Mrs. Whittington. This insurance contract is an essential element of plaintiff's prima facie case and no valid default judgment can be rendered against the appellant without the introduction of this insurance contract into evidence. Ascension Builders, Inc. v. Jumonville, supra; Holland v. Aetna Life & Cas. Ins. Co., 385 So.2d 316 (La.App. 1st Cir.1980). Where the insurance company fails to timely answer detailed requests for admissions of insurance coverage the requirement that the contract be made part of the record to support this default judgment is supplied by the admission of facts resulting from insurance company's failure to deny matters of which the admission was requested. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976).
The only evidence we find in this record relating to Trinity is:
(1) a letter dated October 12, 1981, and a letter dated January 18, 1982, from Michael Jon Rust, Trinity's claim's supervisor, to plaintiff's attorney requesting wage loss verification.
(2) a carbon copy of a letter dated February 19, 1982, from Trinity's Rust to Lee James Industrial Loan Co., Inc. concerning a $2,700.00 settlement draft payable to plaintiff and his attorney.
We find these three letters, the evidentiary competency of which we find unnecessary to address, totally fail to meet the requirement that the insurance contract be placed of record or the exception to the rule contained in Succession of Rock, supra.
We conclude appellant has overcome the presumption that the judgment was rendered upon sufficient evidence.
For the reasons aforesaid, we REVERSE and set aside the trial court's judgment confirming the default and awarding plaintiff $50,000.00 plus costs and interest. Cost of the appeal is assessed against plaintiff. The case is REMANDED to the trial court for further proceedings in accordance with law.