503 So.2d 574 (1987)
Bruce C. WALTZER, et al.
v.
U-HAUL COMPANY OF SOUTH LOUISIANA, INC.
No. CA-5827.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Frank M. Repass, III, Fine, Waltzer, Bagneris & Repass, New Orleans, for plaintiffs.
Perry R. Staub, Jr., Julie E. Rodrigue, Monroe & Lemann, New Orleans, for defendant.
Before BARRY, KLEES and LOBRANO, JJ.
BARRY, Judge.
U-Haul Company of Southern Louisiana, Inc. appeals a default judgment claiming there is no prima facie evidence to support the award. We agree, reverse, and remand.
The petition names Bruce C. Waltzer and seven others as plaintiffs who co-produced a play, Staggerlee. After eight performances in June and July of 1985 the plaintiffs leased a locked storage room from U-Haul and stored the play's costumes, props, scenery and drapes. The rental contract lists Waltzer as lessee, but is signed by someone other than one of the plaintiffs.[1]
The plaintiffs allegedly planned to reopen Staggerlee in January, 1986. On December 9 Waltzer and two others unlocked the storage area and found it "full of water". Plaintiffs claim the water entered through an 8" to 12" gap in the steel building. *575 As a result of water damage all of the costumes, props, scenery and drapes were allegedly ruined and had to be replaced or reconstructed. Plans to reopen the play were delayed.
Plaintiffs' demand letter of December 12, 1985 to U-Haul seeking replacement expenses went unanswered[2] and suit was filed February 4, 1986. The petition alleges "Under the contract of lease ... U-Haul is strictly liable ..." U-Haul was served February 10, 1986 but did not respond. A preliminary default was entered March 5 and confirmed March 10, 1986.
Waltzer testified that he and only one other person were "partners in a Louisiana partnership". Six of the other plaintiffs were not mentioned as claimants either individually or as partners. The written lease was not mentioned.
The only other witness, Barry Mendelson, was asked "what connection did you have with Mr. Waltzer and Mr. Bagneris and the partners in this corporation?" He responded that he acquired from Waltzer (no one else) the producing rights to the play. Mendelson testified that he had the damaged property repaired or replaced and his corporation paid the expenses. He claimed the costume damage was "approximately $15,000", props "approximately $7,500", scenery was $25,000, and drapes $10,000. In addition, Mendelson claimed extra actors' charges and lost ticket sales of "approximately $50,000". None of the alleged damages were substantiated by paid invoices or cancelled checks. The total is $107,500the same amounts listed in the petition, except that the prayer specifies $103,000.
Counsel introduced the petition, service of process, the preliminary default, and the demand letter. The written lease was not produced. Judgment for $107,500 was granted.
U-Haul contends the absence of the written lease in evidence precludes a prima facie case. U-Haul claims the lease shifted the risk of loss to the lessee and exculpated it from liability.
Plaintiffs' petition admits a contract of lease with U-Haul and claims strict liability for "damages caused by either the ruin, decay, improper maintenance or negligent construction of the premises." Plaintiffs' brief states: "The testimony ... clearly demonstrated to the trial court that plaintiffs had stored their property on U-Haul's premises and established a contract of lease." Plaintiffs argue the written contract is not required to establish the relationship of lessor-lessee. We disagree.
This attempted confirmation of a default is fraught with problems, the most obvious being the failure to orally advise the trial court of the existence of the written lease and to introduce it into evidence. A default judgment must be confirmed by proof sufficient to establish a prima facie case. La.C.C.P. Art. 1702. In order to obtain a reversal, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
In reviewing a default judgment we are restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985). Thus, the primary issue is whether the absense of the written lease from the record makes it apparent that the judgment was not rendered upon sufficient evidence and is therefore incorrect. If so, the presumption of legality which attaches to the judgment is removed and the record is insufficient to support that judgment.
Ascension Builders, Inc., supra.
A contract is the proof the parties have established in advance to govern their relationship in the event of suit. The contract is the law between the parties. La.Civil Code art. 1945. Where such a contract is shown to exist, witnesses and presumption are, in principle, discarded. Since a valid presumption would dispense *576 with proof, if it can be shown that the presumption no longer had any basis for existence, proof will be required.
Thus a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue. Cf. La. Civil Code art. 2775; (footnotes omitted).
[W]hen the contract is reduced to writing, the writing is the required proof. Id. 263 So.2d at 878, 879.
The plaintiffs simply ignored the written lease. Without the lease the trial court could not determine the status and responsibilities of the parties. Its absence is fatal to plaintiffs' attempt to establish a prima facie case.
We note that the damage award was totally unsubstantiated. Also, it is impossible to determine the plaintiffs' capacity to sue and their ownership, if any, in the property.
The judgment is reversed and the case remanded for further proceedings in accordance with law.
REVERSED: REMANDED.
NOTES
[1] Only the last name, Muse, is legible on the lessee's signature line.
[2] U-Haul's counsel strenously argues he made several attempts to contact Mr. Waltzer prior to the default.