715 So.2d 645 (1998)
Angela BAUGH, Plaintiff-Appellee,
v.
PARISH GOVERNMENT RISK MANAGEMENT AGENCY, Vantage Health Plan, Inc. and PCA Solutions, Inc., Defendants.
No. 30707-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
McGlinchey Stafford, L.L.C. by Errol J. King, Rodolfo J. Aguilar, Jr., Robin W. Bueche, Baton Rouge, for defendant/appellant, PCA Solutions, Inc.
Johnson & Placke by Allan L. Placke, West Monroe, for plaintiff/appellee, Angela Baugh.
William J. Doran, Jr., Richmond, VA, for defendant/appellee, Parish Government Risk Mgmt.
Theus, Grisham, Davis & Leigh by David H. Nelson, Monroe, for defendant/appellee, Vantage Health Plan, Inc.
Before MARVIN, CARAWAY and PEATROSS, JJ.
CARAWAY, Judge.
In a claim for insurance benefits, the plaintiff obtained a default judgment against the defendant, a third-party administrator of the employer's self-insurance fund. The defendant appeals the default judgment asserting that the plaintiff failed to make out a prima facie case of its liability because, as a matter of law, only the insurer, and not its third-party administrator, can be held liable for the non-payment of the insurance benefits. Agreeing with the defendant, we reverse the judgment of the trial court.

Facts
The plaintiff, Angela Baugh, sued her father's health insurance carrier, Parish Government Risk Management Agency ("PGRMA"), whose self-funded insurance plan is administered by Vantage Health Plan, Inc. ("Vantage"). Also named as a defendant with PGRMA and Vantage was PCA Solutions, Inc. ("PCA"), the claims adjuster for Vantage. PCA did not answer the petition, *646 and the plaintiff obtained a default judgment against PCA. Plaintiff reserved her claim against the other two defendants.
The evidence presented at the confirmation hearing for the default showed that Angela's medical bills were submitted to Vantage, who in turn, submitted them to PCA for determination if there was coverage and for payment. PCA denied coverage on grounds that Angela was not a dependant of her father as defined by the policy. In order for Angela to qualify as a dependant at her age, she must be a full-time student at an accredited college or university. Angela testified that she was a full-time student in pre-nursing with a course load of fifteen hours when she became ill.
Additionally, plaintiff put into evidence the PGRMA Group Health Summary Plan Description Employee Handbook, which schedules benefits and eligibility under the plan. Also placed into evidence was the affidavit of Dr. Warren A. Daniel, attesting to the authenticity of Angela's medical records and stating that Angela's illness prevented her from continuing as a full-time student. Dr. Daniel's affidavit also referenced a letter dated April 15, 1996 in which he advised PCA that Angela was "unable to carry out her full time job and school status." Finally, the evidence contains a letter from PCA to the plaintiff's attorney dated September 23, 1996 in which the claims supervisor explained why Angela's medical bills were not covered under the plan.
After the confirmation hearing, the court rendered judgment against PCA for the sum of $18,154.73, which, in addition to the medical bills, included $500 in damages for mental anguish and distress, $500 for embarrassment, and $500 dollars for damage to her credit reputation. PCA now appeals alleging that because it is not the insurer, it cannot be held liable for the medical bills incurred and penalties under the insurance statute.

Law and Discussion
A default judgment must be confirmed by proof sufficient to establish a prima facie case. La.C.C.P. Art. 1702. In reviewing a default judgment, we are restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985); Waltzer v. U-Haul Co. of South Louisiana, Inc., 503 So.2d 574 (La.App. 4th Cir.1987). In order to obtain a reversal where the record contains no transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and contained in the record; in such case, the reviewing court is able to determine from the record whether the evidence was sufficient and complete. Meshell v. Russell, 589 So.2d 86 (La.App. 2d Cir.1991), writ denied 590 So.2d 1203 (La.1992).
In presenting a prima facie case for confirmation of the default, plaintiff essentially documented a contract of insurance existing between plaintiff's father and PGRMA. Plaintiff further established that she was a full-time college student which would allow her to remain a dependant of her father and a beneficiary under the insurance contract.
This proof of the contractual obligation of PGRMA, however, presents no contractual claim against PCA, which acted as PGRMA's disclosed agent for administration of the insurance policy. Under Louisiana's insurance code, Title 22, Chapter 5, La. R.S. 22:3031-3036, PCA's role is defined as a "third party administrator" of the PGRMA policy. Significantly, La. R.S. 22:3036 states:
A. If an insurer utilizes the services of an administrator, the insurer shall be responsible for determining the benefits, premium rates, underwriting criteria, and claims payment procedures applicable to such coverage and for securing reinsurance, if any.
* * * * * *
B. It shall be the sole responsibility of the insurer to provide for competent administration of its programs.
(Emphasis ours). These provisions not only address the relationship between the insurer *647 and the third party administrator, but also their duties to the insured. Jefferson Parish Clerk of Court Health Ins. Trust Fund through Mouledoux v. Fidelity and Deposit Co. of Maryland, 95-951(La.App. 5th Cir. 4/30/96), 673 So.2d 1238.
The clear implication of the statute is that the third party administrator cannot be responsible to the insured for the failure to pay health benefits in administering the plan, since this is the sole responsibility of the insurer. The insurer's non-performance of its contract, even when such non-performance results from the delegated decision-making authority of a third party administrator, remains the insurer's responsibility and obligation. Cf., Nelson v. Continental Casualty Co., 412 So.2d 701 (La.App. 2d Cir.1982), writ denied, 413 So.2d 507 (La.1982). The same result occurs under the general law of representation and mandate where a disclosed agent enters or fails to carry out the contract on behalf of the principal. La. C.C. art. 3016; American Plumbing Co. Inc. v. Hadwin, 483 So.2d 169 (La.App. 2d Cir. 1986). From the evidence presented, PCA's role as adjuster for PGRMA was clearly disclosed to the plaintiff. Therefore, the contractual obligation remains owed by the principal alone.
Nevertheless, plaintiff argues that PCA's arbitrary decision to deny coverage creates tort liability which served as the basis of the default judgment in this instance. We disagree. It is true that in certain circumstances the same acts or omissions may constitute breaches of both general duties and contractual duties so as to give rise to actions both in tort and in contract. Federal Insurance Company v. Insurance Company of America, 262 La. 509, 263 So.2d 871 (1972); Stephens v. International Paper Co., 542 So.2d 35 (La.App. 2d Cir.1989), Marvin, J., dissenting. Nevertheless, the duty owed to plaintiff was not a general duty which can be said to be owed to all persons. PCA simply chose not to act or not to perform the specific contractual obligation owed by its principal to the plaintiff. Plaintiff's remedy for this non-performance is on the contract with PGRMA.

Conclusion
From the record of the confirmation hearing, the plaintiff failed to make a prima facie case for liability in tort against PCA. The judgment against PCA is vacated. Costs of this appeal are assessed to the plaintiff.
REVERSED, JUDGMENT VACATED.