767 So.2d 134 (2000)
Erin V. CARUSO
v.
Bailey McBEE, Jr. and USAA Insurance Company.
No. 99-CA-3064.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
Marc Hale Conrad, Timothy G. Schafer, Schafer & Schafer, New Orleans, LA, Attorneys for Defendants/Appellants, Bailey McBee, Jr. and USAA Insurance Company.
G. Scott Vezina, J. Marc Vezina, Vezina and Gattuso, L.L.C., Gretna, LA, Attorneys for Plaintiff/Appellee, Erin Caruso.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, Judge PHILIP C. CIACCIO, Pro Tem.
*135 WALTZER, Judge.
Defendant, USAA Insurance Company, appeals a default judgment against it for $16,418.76. USAA argues that the trial court erred, since the record does not contain any evidence that USAA insured the accident.

STATEMENT OF FACTS
Erin Caruso was involved in a two vehicle accident in February 1999. She was driving a car which she had purchased in January 1999. The car suffered extensive property damage, and Caruso rented a car to replace her vehicle after the accident.

STATEMENT OF THE CASE
Plaintiff, Caruso, filed suit against the driver of the other car, Bailey McBee, Jr., and USAA for the damage to her car. The foreign insurance company was served through the Secretary of State, but it did not answer the petition. Caruso moved for a default judgment. The trial court heard Caruso's testimony about the damage to her vehicle and other expenses associated with this property damage. The trial court entered a default judgment for $16,418.76 against USAA, the insurance company.

ASSIGNMENT OF ERROR: The trial court erred by entering a default judgment without any evidence in the record of insurance coverage by USAA.
USAA argues that the trial court erred by entering a judgment against it without any evidence of insurance coverage. To obtain a default judgment, a plaintiff must establish a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id. A plaintiff seeking a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972).
In her petition, Caruso alleges that USAA is liable for McBee's negligence, since the company insured McBee's vehicle at the time of the accident. However, the record contains no evidence to prove this allegation. Caruso argues that the police report listed USAA as McBee's insurer. Assuming such report was admissible, Caruso did not introduce the report. It is not a part of the record. Caruso also argues that insurance coverage is proved by both USAA's failure to answer and its appeal of this judgment. We are not persuaded.

CONCLUSION
For the above reasons, we reverse the default judgment against USAA.
REVERSED, VACATED AND REMANDED.