805 So.2d 1209 (2002)
Brian MARTIN and Allyson Martin, Plaintiffs-Appellees,
v.
Ronnie SANDERS and Royal Surplus Lines, Defendants-Appellants.
No. 35,575-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
*1210 Thomas M. Young, New Orleans, Counsel for Appellant, Royal Surplus Lines.
Ronnie Sanders, In Proper Person.
Jimmy C. Teat, Jonesboro; Avery & Robinson, by Jeffrey Levance Robinson, Jonesboro, Co-counsels for Appellees.
Before WILLIAMS, STEWART and CARAWAY, JJ.
CARAWAY, Judge.
The defendant-insurance company appeals a default judgment entered against it in connection with an automobile accident between the defendant-tortfeasor and the plaintiffs. Because the record does not contain any evidence that the defendant-insurance company was the insurer of the tortfeasor or the automobile which he was driving at the time of the accident, we reverse and vacate the judgment against the insurance company.

Facts
On August 24, 1999, Brian and Allyson Martin (the "Martins") were driving on Highway 34 in West Monroe, Louisiana, when a semi-truck driven by Ronnie Sanders ("Sanders") crossed over the center line and struck the left side of the Martins' vehicle. The police report submitted into *1211 evidence at the time of the confirmation of default states that the truck was owned by Sanders' employer, Spurlock & Sons Trucking ("Spurlock"), and was insured by Royal Surplus Lines ("Royal") from May 1998 to May 1999. The police report did not specify whether Spurlock's truck was insured at the time of the accident.
The Martins filed suit against Sanders and Royal on January 21, 2000. The Martins' petition claimed that the truck driven by Sanders was insured by Royal, policy number KST314103. No requests for admissions were filed. Both Sanders and Royal were served with notice of the suit. However, after neither Sanders nor Royal answered the petition, the Martins initiated default proceedings. A preliminary default was entered against both Sanders and Royal on June 12, 2000 and was confirmed on January 30, 2001. On May 4, 2001, the trial court entered a judgment in favor of the Martins against Sanders and Royal, in solido, in the amount of $10,000 for property damage and personal injury. Also, the trial court ordered Royal to pay an additional $3,000 in penalties and $1,000 in attorney's fees pursuant to La. R.S. 22:658, as well as all costs of the proceedings. The record does not contain a transcript of the confirmation proceeding for the default judgment.
Royal instituted this devolutive appeal, asserting that the record fails to prove that Royal was the insurer of Spurlock's semi-truck at the time of the accident. Counsel for the Martins acknowledge in their appellate brief that, upon further review, he discovered that Royal was not the insurer for Sanders nor Sanders' employer, Spurlock.

Discussion
The governing articles regarding the proper procedure and proof needed to confirm a preliminary default judgment are found in Louisiana Code of Civil Procedure articles 1701(A) and 1702. Article 1701(A) reads:
If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
La. C.C.P. art. 1702 provides, in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

* * *
A default judgment must be confirmed by proof sufficient to establish a prima facie case. La. C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Sessions & Fishman v. Liquid Air Corp., *1212 616 So.2d 1254 (La.1993). The plaintiff must convince the trial court that it is probable that he would prevail at a trial on the merits. Carroll v. Coleman, 27,861 (La.App.2d Cir.1/24/96), 666 So.2d 1264; McRay v. Booker T. Washington Nursing Home, 30,399 (La.App.2d Cir.4/8/98), 711 So.2d 772.
In reviewing a default judgment, we are restricted to a determination of the sufficiency of the evidence offered in support of judgment. Baugh v. Parish Government Risk Management Agency, 30,707, p. 2 (La.App. 2d Cir.6/24/98), 715 So.2d 645, 646; Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985); Waltzer v. U-Haul Co. of South Louisiana, Inc., 503 So.2d 574 (La.App. 4th Cir.1987). To obtain a reversal where the record does not contain a transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (La.1972); Baugh, supra at p. 2-3, 715 So.2d at 646. The presumption that a default judgment was supported by sufficient evidence does not attach when the record upon which the judgment was rendered indicates otherwise. Sessions & Fishman, supra; Caruso v. McBee, 99-3064 (La.App. 4th Cir.6/14/00), 767 So.2d 134; Ereunao Oil & Gas, Inc. v. Northern, 98-1239 (La.App. 3d Cir.2/3/99), 736 So.2d 893.
The jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, Inc., supra; Sudds v. Protective Casualty Insurance Co., 554 So.2d 149, 151 (La.App. 2d Cir.1989). This applies to an insurance contract, which must be embodied in a written instrument called the policy. La. R.S. 22:624. The written insurance contract is therefore an essential element of the plaintiffs prima facie case, and no valid default judgment can be rendered against Royal without introducing the insurance contract into evidence. Holland v. Aetna Life & Cas. Ins. Co., 385 So.2d 316 (La.App. 1st Cir.1980); Brown, supra; Sudds, supra; Savic v. Assurance Co. of America, 509 So.2d 460 (La.App. 3d Cir.1987); See also, Louisiana Workers' Compensation Corporation v. Poston Industrial Maintenance Co., Inc., 97-2612 (La.App. 4th Cir.8/5/98), 716 So.2d 502; Peel v. Ray, 572 So.2d 739 (La.App. 4th Cir.1990); Arias v. State Farm Mutual Automobile Ins. Co., 98-978 (La.App. 5th Cir.3/10/99), 734 So.2d 730; Campbell v. Kendrick, 556 So.2d 140 (La.App. 5th Cir. 1990).
In presenting their prima facie case for confirmation of the default, it appears as though the Martins relied on the accident report to try to establish that Royal was the insurer of the vehicle since a copy of the report was introduced as evidence. Based on this document, which would be considered hearsay,[1] the judgment of default against Royal can not stand. Since plaintiffs failed to introduce an insurance policy evidencing insurance coverage on Spurlock's truck and/or coverage for Sanders, the trial court had no basis upon which to enter a default judgment against Royal. Brown, supra. The *1213 record before us is void of any corroborating evidence to establish the essential fact of insurance coverage. Therefore, we reverse the judgment of the trial court insofar as it renders judgment against Royal. All costs are of this appeal are assigned to the appellees, Brian and Allyson Martin.
REVERSED, JUDGMENT AGAINST ROYAL SURPLUS LINES VACATED.
NOTES
[1] Police reports are hearsay evidence and are not admissible. La. C.E. 803(8)(b)(i); Talamo v. Shad, 619 So.2d 699 (La.App. 4th Cir.), writ denied, 625 So.2d 175 (La.1993); McRay, supra. Hearsay evidence does not sustain the burden of proving a prima facie case necessary for confirmation of a default. McRay, supra; La. C.C.P. art. 1702. In any event, the police report, on its face, shows that the Royal policy expired approximately three months before the accident.