SUSAN M. CHEHARDY, Judge.
Defendant, Aaron Manuel, appeals from a default judgment in favor of plaintiff, which awarded damages of $5,896.84 plus legal interest. For the reasons that follow, we annul and set aside the judgment of the trial court confirming the preliminary default and remand this matter for further proceedings.
On April 4, 2003, plaintiff, St. Charles Parish Sheriff Greg Champagne, filed a “Petition to Recover Damages for Breach of Contract” naming Aaron Manuel as defendant. In his petition, Sheriff Champagne alleged that, on March 29, 2001, he and Manuel entered into an employment contract, in which Manuel agreed to work for the St. Charles Parish Sheriffs Office(“SCPSO”) for at least two years. Sheriff Champagne further alleged that Manuel resigned from the SCPSO on February 15, 2002, after working for the SCPSO for less than one year. Furthermore, Sheriff Champagne alleged that, because Manuel violated the terms of their employment contract, he owes SCPSO $5,896.84 as reimbursement for the cost of his “P.O.S.T. training.” Sheriff Champagne attached the following to his petition: a copy of his letter to Manuel offering Manuel a position with SCPSO; a copy of Manuel’s resignation letter given to his supervisor on February 1, 2002; a copy of an SCPSO “resignation statement” executed by Manuel dated February 15, 2002; a copy of an |3invoice dated February 13, 2002 for amount due from Manuel to SCPSO for “training reimbursement;” and a copy of SCPSO’s certified demand letter to Manuel.
On July 7, 2003, Sheriff Champagne took a preliminary default against Manuel. A confirmation hearing was held on July 16, 2003. The transcript of that day’s hearing reflects that the Sheriffs counsel asked “that the file and its contents be offered, filed, and introduced into evidence.” [1] Thereafter, the trial court confirmed the default judgment against Manuel. Manuel now appeals that judgment.
On appeal, Manuel sets forth three assignments of error: the trial court erred in entering a default judgment based solely on hearsay testimony about service of the petition on Aaron Manuel; the trial court erred when it entered the default judgment for the cost of P.O.S.T. training based on an employment contract that was silent on the issue; and the trial court erred when it awarded $5,896.84 in the default judgment because the evidence to prove the amount was not proper evidence for that purpose.
Our brethren on the Second Circuit Court of Appeal discussed the procedure and proof required to confirm a preliminary default in Martin v. Sanders, 35,575 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209, 1211-1213: *799 Procedure articles 1701(A) and 1702. Article 1701(A) reads:
*798 The governing articles regarding the proper procedure and proof needed to confirm a preliminary default judgment are found in Louisiana Code of Civil
*799 If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
|4La. C.C.P. art. 1702 provides, in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
* * *
A default judgment must be confirmed by proof sufficient to establish a prima facie case. La. C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). The plaintiff must convince the trial court that it is probable that he would prevail at- a trial on the merits. Carroll v. Coleman, 27,861 (La.App. 2 Cir. 1/24/96), 666 So.2d 1264; McRay v. Booker T. Washington Nursing Home, 30,399 (La.App. 2 Cir. 4/8/98), 711 So.2d 772.
In reviewing a default judgment, we. are restricted to a determination of the sufficiency of the evidence offered in support- of judgment. Baugh v. Parish Government Risk Management Agency, 30,707 (La.App. 2 Cir. 6/24/98), 715 So.2d 645, 646; Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2 Cir.1985); Waltzer v. U-Haul Co. of South Louisiana, Inc., 503 So.2d 574 (La.App. 4 Cir.1987). To obtain a reversal where the record does not contain a transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (La.1972); Baugh, supra, at 646. The presumption that a default judgment was supported by sufficient evidence does not attach when the record upon which the judgment was rendered indicates otherwise. Sessions & Fishman, supra; Caruso v. McBee, 99-3064 (La.App. 4 Cir. 6/14/00), 767 So.2d 134; Ereunao Oil & Gas, Inc. v. Northern, 98-1239 (La.App. 3 Cir. 2/3/99), 736 So.2d 893.
The jurisprudence holds that when an obligation is- based on a writing, prima facie, proof of the obligation requires introducing that writing. Ascension Builders, Inc., supra; Sudds v. Protective Casualty Insurance Co., 554 So.2d 149, 151 (La.App. 2 Cir.1989).
1 See also, Schaff v. Cardinal Services, Inc., 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280, writ denied, 01-1035 *800 (La.6/1/01), 793 So.2d 196 (citing Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989)).
In his second assignment of error,[2] Manuel specifically argues that record does not contain sufficient prima facie evidence that Manuel’s “employment contract” with the SCPSO contained a two-year term. Manuel further contends that the record does not contain prima facie evidence of a clause in his “employment contract” that required him to reimburse SCPSO for training if he discontinued his employment before his two-year anniversary date. We agree but for reasons other than those espoused by Manuel.
In this case, our review of the record reveals that the “employment contract” in question was not admitted into evidence, and, thus, the trial court erred in rendering a default judgment against Manuel. Here, although Manuel refers to the Sheriffs March 29, 2001 offer letter as the “employment contract” in question, it is clear from the SCPSO’s February 7, 2002 demand letter to Manuel that the “employment contract” that the SCPSO is relying on is the employment application that Manuel submitted to SCPSO. The pertinent part of that letter reads, “In the application that you filled out with this agency, you agreed to reimburse the St. Charles Parish Sheriffs Department [for] the cost of your POST training if you leave[sie] within two years. We are informing you that the cost of training you amounted to $6,600.00.”
Where the legal action arises from a written obligation, prima facie proof of the obligation is the writing itself. Ascension Builders, Inc., supra; Sudds v. Protective Casualty Insurance Co, supra. When Sheriff Champagne failed to introduce a copy of the employment application that he relies upon as the | (¡employment contract, he failed to meet his burden of proof. Accordingly, we find that the trial court erred in granting a default judgment.
In this case, Sheriff Champagne failed to provide sufficient evidence to support a default judgment pursuant to La. C.C.P. art. 1702. Accordingly, the judgment of the trial court granting a confirmation of a default judgment against Aaron Manuel is annulled and set aside and the matter is remanded to the district court for further proceedings. All costs are assessed against Sheriff Champagne.

DEFAULT JUDGMENT ANNULLED AND SET ASIDE; CASE REMANDED

. After a thorough examination of the record, we do not find this “file" in the appellate record.

. Because we are reversing the judgment on other grounds, we pretermit discussion of appellant's first assignment of error regarding the absence from the record of proof of service of the petition and third assignment of error regarding the sufficiency of the proof of the alleged damages.