# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1437


**TERREL CAMEL AND DINA CAMEL**

**VERSUS**

**GREGORY HARMON AND CANDACE HARMON**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20033615
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## MARC T. AMY
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.


**DEFAULT JUDGMENT VACATED AND SET ASIDE. REMANDED.**

**Richard Mary**
**Jefferson J. Moss, Jr.**
**Moss & Associates**
**Post Office Box 2907**
**Lafayette, LA 70502**
**(337) 237-6280**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Gregory Harmon**
 **Candace Harmon**

**Emile Joseph, Jr.**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1310**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Terrel Camel**
 **Dina Camel**

AMY, Judge.

The plaintiffs filed suit seeking compensation for repairs they alleged were necessary to a house purchased from the defendants. Although the sale was "as is," the plaintiffs asserted that certain measures had been taken preventing the discovery of damages to the house. A default judgment was confirmed, with the trial court awarding $39,646.51 in damages as well as attorney's fees. A motion for new trial was denied. For the following reasons, the judgment of the trial court is vacated and set aside. The matter is remanded for further proceedings.

## Factual and Procedural Background

The plaintiffs, Terrel and Dina Camel, instituted the present matter alleging that a home they purchased from the defendants, Gregory and Candace Harmon, contained certain defects which required repair subsequent to purchase. The plaintiffs argued that, after the purchase, they discovered water damage in the bathroom resulting from a defective shower. They alleged that the defect was known to the defendants, but that it had not been disclosed prior to the sale and "further concealed . . . so that a visual inspection of the property would not detect such defects and hinder the sale of the property by the Defendants to the Petitioners[.] The plaintiffs alleged that, due to the defects, "the family home sustained substantial water damage, which required repair at a significant cost." The plaintiffs sought reimbursement of the $12,523.50 allegedly incurred in repairs to the bathroom.

Additionally, the plaintiffs alleged that, as a condition of the sale, the defendants agreed to "undertake certain repairs to the exterior of the property, including but not limited to the removal of rotten wood, together with painting[.]" According to the plaintiffs, after the defendants failed to undertake the repairs, the plaintiffs began doing so and "discovered additional defects in the family home, which Petitioners contend were concealed by the Defendants prior to the time of the

sale in order not to jeopardize the sale of the family home of the Defendants to the Petitioner." The plaintiffs sought reimbursement of the $27,123.01 they contend was incurred in the repair of the exterior defects. The plaintiffs argued in their petition that the defendants' actions constituted fraud under La.Civ.Code art. 1953.

After the defendants failed to respond to the petition, the plaintiffs obtained a preliminary default judgment. The preliminary default was subsequently confirmed. The trial court's rulings reveal a finding that the plaintiffs established the presence of fraud, so as to "vitiate the 'as is' waiver in the sale agreement and entitle them to attorney fees." Damages in the amount of $39,646.51 and attorney's fees in the amount of $2,775.00 were awarded.

The defendants filed a motion for new trial, alleging that the judgment was not supported by sufficient evidence of the cause of action and the relevant damages. The defendants also alleged that a new trial should be granted as they failed to respond to the plaintiffs' petition due to a belief that they were being represented by their insurer. Following a hearing, the trial court denied the motion for new trial.

The defendants appeal, presenting the following issues for review in their brief to this court:

1.  Is proof of a sale of an immovable necessary to prove a prima facie case based upon redhibition?

2.  Can judgment be introduced against a seller of immovable property where the sole evidence of the sale is parole evidence?

3.  Can a trial [j]udge permit the introduction of evidence to prove the discretionary grounds for the granting of a motion for a new trial?

4.  Can invoices and/or quotes and/or estimates of repairs, without verification by the parties performing the work, be used as the sole evidence to prove the necessity and reasonableness of repair and costs?

5.  Should a trial judge grant a new trial, as regards a default

judgment, where it is demonstrated that the evidence submitted is insufficient as a matter of fact and law?

**Discussion**

*Motion for New Trial*

Peremptory grounds for a new trial are provided by La.Code Civ.P. art. 1972, which provides

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Furthermore, Article 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."

On appellate review, we consider the trial court's decision to grant or deny a motion for new trial under the abuse of discretion standard of review. *S. Amusement Co. v. Pat's of Henderson Seafood & Steak, Inc.*, 03-767 (La.App. 3 Cir. 3/31/04), 871 So.2d 630.

*Peremptory Grounds for New Trial*

We first turn to the defendants' contention that the trial court erred in denying their motion for new trial as the evidence presented was insufficient to satisfy the plaintiffs' burden of proof resulting in a judgment contrary to the law and evidence. In particular, the defendants question the failure to introduce the Cash Sale related to the house and the evidence presented as to damages.

3

Article 1702 of the Louisiana Code of Civil Procedure provides as follows with regard to the confirmation of default judgments:

A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.

B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

(2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

In *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993), the Louisiana Supreme Court explained that a plaintiff seeking a default judgment must establish the required *prima facie* case with competent evidence and must do so as fully as if the defendant had denied each of the petition's allegations. Furthermore, "[t]here is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise." *Id.* at 1258.

In support of their motion to confirm default judgment, the plaintiffs presented the parties' "Agreement to Purchase and Sell", which contained the initially agreed upon terms of the sale, including the "as is" waiver and the notation that: "Seller to

paint in & out, Change rotten . . . wood outside, refinish wood floors." Additionally, Mr. Camel testified regarding the sale, his assertion that the defendants agreed to replace the exterior damage, and his discovery and investigation of the alleged defective conditions. He further testified regarding efforts undertaken to repair the damaged areas. Evidence was then presented regarding the costs associated with the repairs the plaintiffs claimed were necessary.

The trial court found in favor of the plaintiffs, concluding that they presented *prima facie* proof to support the claim for damages. In reasons for ruling, the trial court explained:

> The evidence produced at the hearing revealed problems with the master bathroom shower, as well as, several pieces of rotten wood below windows and doors on the exterior of the home. Mr. Camel testified at the hearing that he spoke with the seller, Gregory Harmon, regarding the problems with the master bathroom shower and learned that Mr. Harmon had taken measures to cosmetically conceal the problem. Further, after the sale, Mr. Harmon testified that he learned of other defects, such as rotting wood, in the exterior of the residence which were concealed with caulking and paint prior to the sale. It is plaintiff's position that the actions of the defendants in concealing problems with the house constitute fraud sufficient to void the "as is" nature of the sale.

> A seller with knowledge of redhibitory defects who, rather than informing the buyer of defect, opts to obtain a waiver of warranty implied by law, commits fraud, which vitiates the waiver because it is not made in good faith. *See Helwick v. Montgomery Ventures, Ltd.*, 665 So.2d 1303 (4th Cir. 1995). The party against whom rescission is granted because of fraud is liable for damages in attorney fees. *La. Civil Code art. 1958.*

> It is this Court's opinion that the plaintiff[s] have carried their burden in establishing fraud on the part of the defendants in concealing defects in the home sufficient to vitiate the "as is" waiver in the sale agreement and entitle them to attorney fees.

> This Court finds the defendants, Gregory Harmon and Candace Harmon to be liable to the plaintiffs, Terrel Camel and Dina Camel for the following amounts as damages: $39,646.51 in property damages, plus attorney fees in the amount of $2,775.00, together with legal interest [from] the date of judicial demand until paid. The defendants are cast with all costs of these proceedings.

5

The plaintiffs' claims are those of redhibition and breach of contract. These claims stem from the actual sale of the home and the obligations created within that sale. However, review of the exhibits entered into evidence indicates that the plaintiffs failed to produced the actual documents of the sale, *e.g.*, the Act of Cash Sale and As Is Addendum. Given the evidence presented at the confirmation hearing, the terms of the sale could only have been determined by reference to the Agreement to Purchase and Sell and by the testimony of Mr. Camel.

However, in *Ascension Builders, Inc. v. Jumonville*, 263 So.2d 875, 878-89 (La.1972) (citations omitted) the Louisiana Supreme Court explained that: "[A] plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue. And parole evidence of the content of written instruments is not admissible . . . except under circumstances prescribed by law." *See also Champagne v. Manuel*, 03-1147 (La.App. 5 Cir. 12/30/03), 864 So.2d 797; *Martin v. Sanders*, 35,575 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209; *Sudds v. Protective Cas. Ins. Co.*, 554 So.2d 149 (La.App. 2 Cir. 1989).

In the present case, the principal basis for the claims stems from the obligations of the sale. Thus, according to *Ascension Builders*, 263 So.2d 875, the presentation of the actual documentation was necessary. Reliance on parole evidence to establish the terms of the sale was impermissible. The Act of Cash Sale and related "as is" waiver were the type of competent evidence necessary to establish the plaintiffs' *prima facie* case. *See Sessions & Fishman*, 616 So.2d 1254. As this element was lacking in the plaintiffs' evidence, the default judgment was erroneously entered and a new trial required under the terms of La.Code Civ.P. art. 1972(1). Accordingly, the default judgment must be vacated and set aside.

This finding pretermits our consideration of the defendants' remaining arguments.

**DECREE**

For the foregoing reasons, the default judgment entered in this matter is vacated and set aside. The matter is remanded for further proceedings. All costs of this matter are assigned to the plaintiffs, Terrel Camel and Dina Camel.

**DEFAULT JUDGMENT VACATED AND SET ASIDE. REMANDED.**