STEWART, J.
| Defendant-Appellant John “Jack” C. Van Berg is appealing a default judgment granted in favor of Plaintiff-Appellee Franks Farms, L.L.C.
Finding no merit in his claims, we affirm the trial court’s judgment.

FACTS

On December 15, 2006, Franks Farms filed a petition for recovery on a promissory note against Van Berg. In the petition, Franks Farms asserted that the promissory note was a demand note, and sought recovery for the unpaid principal balance in the amount of $695,832.65, and accrued interest at the rate of ten percent (10%) per annum from the date until paid. The total amounted to $1,133,603.42, plus interest on the unpaid principal amount at the rate of $193.29 per day from and after February 23, 2007, until paid. This promissory note was executed in favor of Van Berg’s assignor on July 5, 2000, and is secured by the assignment of a particular life insurance policy. John Franks was the bearer of the promissory note. Franks Farms acquired the note by assignment from Alta V. Franks, who is the widow of John Franks.
On January 8, 2007, Franks Farms filed an affidavit of mailing, which verified that a certified copy of the long-arm citation and petition was mailed to Van Berg via certified mail on December 20, 2006. Franks Farms also filed into the record the certified mail return receipt showing defendant’s receipt of the citation and petition on December 27, 2006.
After Van Berg failed to file responsive pleadings, and at the plaintiffs request, a preliminary default was entered against Van Berg on February 15, 2007. On February 23, 2007, Franks Farms filed a motion for ^confirmation of default judgment pursuant to La. C.C.P. art 1702.1, along with an affidavit of verification, correctness of account and attorney’s fees and expenses.
On February 23, 2007, the district court rendered in favor of Franks Farms and against Van Berg for the principal amount of $1,148,060.22, plus interest thereafter at a daily rate of $193.29 until paid, plus all costs of the proceedings. On February 28, 2007, the notice of the filing of the judgment was mailed to Van Berg. The judgment became final and definitive on May 8, 2007.
On August 8, 2007, Franks Farms requested the issuance of a writ of fieri facias by the Bossier Parish Clerk for seizure of certain assets of Van Berg in partial satisfaction of the judgment, as well as a petition for garnishment. Franks Farms also filed a motion for examination of judgment debtor on August 21, 2007.
On September 10, 2007, Van Berg filed a motion to annul the default judgment, asserting that: (1) the default judgment was an absolute nullity because the underlying obligation was prescribed; (2) the state district court lacked subject matter jurisdiction because the matter in controversy exceeded $75,000.00 and must be litigated in federal court; and (3) the defendant was not properly served. In an amended motion to annul the default judgment, Van *122 Berg only asserted the first argument, that the underlying obligation was prescribed.
In response to the motion to annul and the amended motion to annul, Franks Farms filed a dilatory exception of unauthorized use of summary [¡¡proceeding,' a peremptory exception of no cause of action, a memorandum in support of the exceptions, an opposition to the defendant’s motion to annul the default judgment, and a request for an expedited hearing.
The hearing on the motion to annul was held on January 7, 2008. At this hearing, Van Berg testified that he was served with a copy of this lawsuit, via certified mail, in California. Van Berg also stated that he gave $5,000 to a real estate agent, Chuck Quick, to retain an attorney to represent him in Louisiana. Van Berg also admitted that, after being served with the suit, he did not personally contact a lawyer in Louisiana or California in order to assure that his interests were protected.
At the conclusion of the hearing, the trial court orally dismissed Van Berg’s amended motion to annul. A judgment to that effect was subsequently signed on January 16, 2008. Van Berg now appeals.

LAW AND DISCUSSION

Assignments of Error Numbers One & Three: Default Judgment

Van Berg raises three assignments of error in his appeal. In his first assignment of error, Van Berg argues that the trial court erred in granting the default judgment in favor of Franks Farms because it was rendered without the presentation of a prima facie case, subjecting it to nullification. In the third assignment of error, Van Berg asserts that the default judgment is subject to nullification because the documents filed in support of the default judgment contained a discrepancy in the amount stated to be due. Since Van Berg’s first and third assignment of error both challenge the trial court’s decision to grant Franks Farms’s default judgment on the basis that |4Franks Farms failed to present a prima facie case, we will address these two issues together. In reviewing a default judgment, we are restricted to a determination of the sufficiency of the evidence offered in support of judgment. Martin v. Sanders, 35,575 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209; Baugh v. Parish Government Risk Management, 30,707 (La.App. 2 Cir. 6/24/98), 715 So.2d 645. In order to obtain a reversal where the record does not contain a transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Baugh v. Parish Government Risk Management, 30,707, p. 2 (La.App. 2 Cir. 6/24/98); 715 So.2d 645, 646.
The governing articles regarding the proper procedure and proof needed to confirm a preliminary default judgment are found in the Louisiana Code of Civil Procedure article 1701(A) and 1702. Article 1701(A) reads:
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Louisiana Code of Civil Procedure Article 1702(A) provides as follows with regard to the confirmation of default judgments:
*123 A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if | sthere is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied by the defendant. Martin v. Sanders, 35,575 p. 4 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209, 1212; Thibodeaux v. Burton, 538 So.2d 1001 (La.1989). The plaintiff must convince the trial court that it is probable that he would prevail at a trial on the merits. Martin, supra, 805 So.2d at 1212; Carroll v. Coleman, 27,861 (La.App. 2 Cir. 1/24/96), 666 So.2d 1264.
Article 1702 of the Louisiana Code of Civil Procedure also addresses circumstances in which the demand is based upon a promissory note in subsection (B)(3):
B.(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of correctness thereof shall be prima fa-cie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
In this context, the affidavit of correctness refers to the validity of the account, i.e. the “correctness” of the sum due. Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254 (La.1993). This provision does away with the necessity of taking testimony in order to establish the validity of the account. Sessions, supra. The existence of the claim, however, is supported by a statement of the account or invoices. Sessions, supra. Thus, in order to establish both the existence and the validity of the demand for a sum due on an open account, it is necessary for a plaintiff to present [(¡evidence of the account itself and an affidavit, or testimony, attesting to its correctness. Sessions, supra, 616 So.2d at 1258.
The promissory note at issue in the instant case was executed in favor of Van Berg’s assignor on July 5, 2000, and is secured by the assignment of a particular life insurance policy. Franks Farms submitted an affidavit of correctness to serve as proof of the demand. The affidavit of correctness verified an outstanding balance in the amount of $1,148,060.22 as of February 15, 2008. Thus, it established the existence and validity of the demand for the sum due on the promissory note.
This action to nullify a Franks Farms’s default judgment is brought under the provisions Louisiana Code of Civil Procedure article 2002(A)(2), which provides in pertinent part:
A. A final judgment shall be annulled if it is rendered:
(2) .... against whom a valid judgment by default has not been taken.
An action for nullity is not a substitute for an appeal. As a general proposition, several courts have noted that the proper procedure to remedy a failure of proof is through a motion for a new trial and/or an *124 appeal, not an action to nullify the judgment. See State v. One 1990 GMC Sierra Classic Truck, Vin. No. 1GTCS142xl2505929, Forty (40) Pieces of Jewelry, and Coins and Currency Valued at $2,187.24, 94, 0639 (La.App. 4 Cir. 11/30/94) 646 So.2d 492, writ denied 94-3171 (La.2/17/95), 650 So.2d 254; Hollander v. Wandell, 97,556 (La.App. 5th Cir.11/12/97), 703 So.2d 742. However, the jurisprudence has also established that, while there is a presumption that a default judgment is supported by the record, the | presumption does not attach where the record indicates otherwise. Gleason v. Palmieri, 97,0624, 97,0625 (La.App. 4th Cir.12/23/97), 707 So.2d 57, 58, writ denied, 98-0517 (La.4/9/98), 717 So.2d 1147,
In this case, Van Berg asserts that there was no evidence introduced concerning the assignment of a life insurance policy, nor was the life insurance policy introduced into evidence. Additionally, Van Berg argues that the statement of account actually indicates a balance due of $0.00, and this discrepancy is an essential element of Franks Farm’s case, subjecting the default judgment to nullification.
To support this assertion, Van Berg cites HTS, Inc. v. Seahawk Oil & Gas, Inc., 04-892 (La.App. 3 Cir. 12/8/04), 889 So.2d 442, where the appellate court ruled that HTS failed to present a prima facie case in the confirmation of a default judgment because the figure in the affidavit of correctness differed from the amount prayed for in the petition. In HTS, there was an unexplained inconsistency between the amount prayed for and the attached invoices to the affidavit. HTS failed to clarify the discrepancy, which was crucial to the establishment of a prima facie case.
The present case differs from HTS because Franks Farms discusses in detail the reason for the discrepancy. Franks Farms explains that this issue is a red herring and refers to the bottom of the statement of account which provides: “Outstanding balance = $1,148,060.22.” Franks Farms further explains that the balance of zero Van Berg is referring to is an entry on February 15, 2007 that writes off the indebtedness for accounting purposes, but that the statement of account does indeed reflect a balance of 18$1,148,060.22. Franks Farms has presented adequate evidence on this promissory note.
It is well settled that Louisiana Code of Civil Procedure article 2002 applies only to technical defects of procedure or form of the judgment. National Income Realty Trust v. Paddie, 98-2063 (La.7/2/99), 737 So.2d 1270; Zuviceh v. Rodriguez, 444 So.2d 767 (La.App. 4th Cir.1984). The failure to establish the prima facie case required by Louisiana Code of Civil Procedure article 1702 is not a vice of form. Hollander, supra. A failure of proof must be raised in a motion for a new trial or by appeal, not by an action for nullity. National Income Realty Trust, supra; Maraist and Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 12.6 (1999).
In the instant case, Van Berg has not asserted any defect in the procedure or form of the default judgment. Instead, Van Berg is asserting that Franks Farms failed to present a prima facie case pursuant to the relevant law to support its contention that Van Berg owed $1,148,060.22. This claim of failure to present sufficient evidence may be appropriately raised by a timely motion for a new trial or by appeal, but not as a ground for an action in nullity. Therefore, Van Berg’s assignments of error relating to the trail court’s granting of Franks Farms’s default judgment are without merit.

Assignment of Error Number Two: Action in Nullity

In his second assignment of error, Van Berg argues that the trial court erred in *125 denying Van Berg’s action of nullity after he presented evidence 19that he made reasonable efforts to obtain the representation of an attorney, who failed to file an answer.
Louisiana Code of Civil Procedure article 2002(a)(2) states:
A. A final judgment shall be annulled if it is rendered:
(1) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
It is well settled that this article applies only to technical defects of procedure or form of the judgment. National Income Realty Trust v. Paddie, supra; Zuviceh v. Rodriguez, supra.
The criteria for determining whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification, are whether circumstances under which the judgment was rendered show deprivation of legal rights of the litigant who seeks relief, and whether enforcement of judgment would be unconscionable or inequitable. Roach v. Pearl, 95,1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691; State v. Batchelor, 597 So.2d 1132 (La.App. 1 Cir.1992).
Van Berg argues that he made a reasonable effort and spent a significant sum attempting to obtain the services of an attorney. He stated that there is a parallel legal proceeding ongoing in California, which was filed in order to collect the amount due on the subject. Van Berg has retained an attorney in California to represent him in the California action. He asserts that the real estate agent took $5,000.00 from him and failed to fulfill his promise to represent him in the Louisiana proceeding. Van Berg 110argues that the circumstances surrounding his efforts to retain an attorney, subject the default judgment to nullification.
To support his assertion, Van Berg cited Roach, supra, where the appellate court ruled that a default judgment could properly be annulled, notwithstanding lack of evidence of any fraud or ill practices on the part of the plaintiff. In that case, the defendant testified that she was served with the original petition and took it to her attorney. Her attorney then testified that he mailed an answer to the Clerk of Court, but the record did not show that an answer was filed.
The Roach case is distinguishable from the instant case because Van Berg did not have any contact with any attorney. Van Berg did not actually retain counsel, choosing instead to give $5,000.00 to a real estate broker, so that the real estate broker could retain an attorney for him. Van Berg failed to follow up with the real estate broker to confirm that counsel had in fact been retained on his behalf. Based on these facts, we can determine that Van Berg failed to take any of the necessary steps in assuring that an attorney was retained and that responsive pleadings were filed. Van Berg was not deprived of any legal rights, and to the extent that he lost any rights, that loss resulted from his own negligence. Therefore, this assignment of error is meritless.

CONCLUSION

For the reasons assigned, the judgment of the trial court granting the default judgment and dismissing the nullity action is affirmed. All costs in this appeal are assessed against the appellant, Van Berg.

AFFIRMED.