NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1522

SURESH JARIWALA

VERSUS

KISHOR MADRASI

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-3561-B
HONORABLE ELLIS DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED.

Bruce Achille Gaudin
Attorney at Law
100 W. Bellevue Street
Opelousas, LA 70570
(337) 948-3818
Counsel for Plaintiff/Appellee:
    Suresh Jariwala

Kishor Madrasi
In Proper Person
5617 N. Freeway
Houston, TX 77076
(713) 697-2343

**DECUIR, Judge.**

Defendants, Kishor and Hansa Madrasi, appeal a default judgment granted in favor of plaintiff, Suresh Jariwala. For the reasons that follow, we affirm the trial court's judgment.

## FACTS

On November 11, 2005, Suresh Jariwala loaned $50,000.00 at 11% per annum interest to Kishor and Hansa Madrasi for use in their business, Southwind Motel. The Madrasis made three interest payments on the debt, but failed to make any further payments.

Jariwala filed suit on June 30, 2008, and service was made under the Long Arm Statute as the Madrasis are residents of Texas. The Madrasis did not file any exceptions or an answer. A default judgment was signed on September 30, 2008. The Madrasis sent a letter directly to the trial court judge requesting to file an appeal. The trial court treated the letter as a motion for appeal and granted the appeal.

## LAW AND DISCUSSION

The Madrasis filed a brief in this court and enclosed two checks in the amount of $25,000.00 each payable to Jariwala. This court returned the checks, and Jariwala filed a motion to dismiss the appeal which we referred to the merits.

On appeal, the Madrasis allege the trial court erred in granting Jariwala a default judgment on the basis that Jariwala failed to present a prima facie case in support of the debt. Given that the Madrasis have tendered payment of the principal amount of the loan, the only issue remaining is the Madrasis' contention that interest is not owed.

In reviewing a default judgment, we are restricted to a determination of the sufficiency of the evidence offered in support of judgment. *Martin v. Sanders*,

35,575 (La.App. 2 Cir. 1/23/02), 805 So.2d 1209.  In order to obtain a reversal where the record does not contain a transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. *Smith v. Clement,* 01-87 (La.App. 3 Cir. 10/3/01), 797 So.2d 151, *writ denied*, 01-2878 (La. 1/25/02), 807 So.2d 249 and, *writ denied,* 01-2982 (La. 1/25/02), 807 So.2d 843.

After reviewing, the record, we find the Madrasis have failed to overcome the presumption that the default judgment was rendered on sufficient evidence.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to Kishor and Hansa Madrasi.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.