NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-821


JERRY M. GUILLORY II

VERSUS

STAFFORD WILLIAMS


**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES
CIVIL DOCKET NO. 104,346
HONORABLE RICHARD E. STARLING, JR., JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion,
Judges.

VACATED AND REMANDED.

Thomas Overton Wells
Attorney at Law
1254 Dorchester Drive
Alexandria, LA 71315
(318) 445-4500
Counsel for Plaintiff/Appellee:
    Jerry M. Guillory, II

Malcolm X. Larvadain
Edward Larvadain, Jr. & Associates
626 Eighth Street
Alexandria, LA 71301
(318) 445-3533
Counsel for Defendant/Appellant:
    Stafford Williams

**DECUIR, Judge.**

Jerry Guillory applied for a writ of sequestration seeking to recover a horse trailer which had been leased to Stafford Williams since 1998. The petition also asserted a cause of action for wrongful conversion. The petition was served on January 12, 2006, and a default judgment was confirmed against Williams on January 25, 2006. Guillory was awarded $11,400.00 in damages. Williams filed for a new trial on January 31, 2006, which motion was denied after a hearing on March 1, 2006. Williams has appealed.

The evidence presented at the confirmation hearing consisted of the testimony of two witnesses and two items of documentary evidence. Guillory, the plaintiff, presented the title to the horse trailer and the current registration certificate. He testified that he had an agreement with Williams in either 1997 or 1998 to lease the trailer for $225.00 per month. Williams would maintain the trailer and had the option, after two years, to purchase it if he paid off the mortgage. Guillory testified that Williams did not exercise the option but continued to make rental payments until September of 2005 when he stopped paying rent and refused to return the trailer. Guillory also testified that he has been "agitated and irritated" over the situation. He claimed the trailer was worth $7,000.00 at the time of the hearing.

Also testifying at the confirmation hearing was the officer who served Williams with the suit. He testified that he personally served Williams and was unable to locate the trailer on Williams' property. The trial court rendered a default judgment awarding $900.00 in unpaid rent from September 2005 through January 2006, when the claim was filed. The court found the trailer had been wrongfully converted and awarded $7,000.00 as the value of the trailer, as well as $3,500.00 in damages for mental anguish.

Williams filed a motion for new trial alleging the judgment was contrary to the law and evidence. While Williams did not have the opportunity to testify at the hearing on his motion, the trial court listened to argument and asked Williams a few

questions. Williams told the court that he did not answer the suit because he was confused between it and the criminal proceedings filed against him for theft of the trailer. He said that he showed up at the courthouse and a court employee told him to wait to hear from one of the attorneys. Williams disputed the terms of the lease as described by Guillory and had in his possession what purported to be the actual lease. However, because additional evidence is generally not admissible on a motion for new trial, the court did not allow the lease to be submitted into evidence. The trial court denied Williams' motion for new trial, and this appeal followed.

Article 1702(A) of the Louisiana Code of Civil Procedure provides that a judgment of default must be based on "proof of the demand sufficient to establish a prima facie case." More specifically, the evidentiary burden is articulated in the statute as follows:

> When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
>
> When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

La.Code Civ.P. art. 1702(B)(1) and (2).

Guillory has asserted both a breach of contract claim and a claim for damages from an alleged conversion of property. These claims stem from a lease between the parties dating back several years. Guillory, however, did not offer the lease into evidence. The terms of the lease and the effect of any option-to-purchase language could have been determined by reference to the lease. Similarly, with regard to damages, Guillory stated what he thought the present value of the trailer was at the

time of the confirmation hearing, but no documentation was offered to support Guillory's statement. Guillory offered neither the book value of a similar trailer nor an appraised value; in addition, the condition of the trailer at issue was unknown. Finally, in support of his claim for mental pain and suffering, the record includes the following exchange between Guillory and his attorney:

BY MR. WELLS: And sir has this suffered, have you suffered mental pain and suffering and anguish over the loss of your property?

BY MR. GUILLORY: Yes I have.

BY MR. WELLS: And have you been agitated and irritated since September 1, 2005 on a daily basis in order to, in your attempt to return this trailer, isn't that correct?

BY MR. GUILLORY: Correct.

BY MR. WELLS: I would pray for Judgment Your Honor.

In *Sessions & Fishman v. Liquid Air Corp.,* 616 So.2d 1254, 1258 (La.1993), the supreme court reiterated the longstanding principle that a default judgment must be supported by competent evidence:

In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989); *Blue Bonnet Creamery, Inc. v. Simon*, 243 La. 683, 146 So.2d 162, 166 (1962). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Thibodeaux,* 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim.

In *Ascension Builders, Inc. v. Jumonville,* 262 La. 519, 529-30, 263 So.2d 875, 878-79 (1972) (citations omitted), the supreme court held, "Thus a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue. And parol evidence of the content of written instruments is not admissible except under circumstances prescribed by law."

3

Following *Ascension Builders*, this court, in *Camel v. Harmon,* 04-1437, p. 6 (La.App. 3 Cir. 3/2/05), 896 So.2d 1253, 1257, *writ denied,* 05-0838 (La. 5/13/05), 902 So.2d 1026, vacated a default judgment because of a lack of proof in the plaintiff's evidence:

> In the present case, the principal basis for the claims stems from the obligations of the sale. Thus, according to *Ascension Builders*, 262 La. 519, 263 So.2d 875, the presentation of the actual documentation was necessary. Reliance on parol evidence to establish the terms of the sale was impermissible. The Act of Cash Sale and related "as is" waiver were the type of competent evidence necessary to establish the plaintiffs' *prima facie* case. *See Sessions & Fishman [v. Liquid Air Corp.],* 616 So.2d 1254 (La.1993). As this element was lacking in the plaintiffs' evidence, the default judgment was erroneously entered and a new trial required under the terms of La.Code Civ.P. art. 1972(1). Accordingly, the default judgment must be vacated and set aside.

After reviewing the evidence in the record before us in light of this jurisprudence, we conclude the default judgment must be vacated and set aside. Guillory has failed to establish a prima facie case of breach of contract or conversion and has attempted to prove damages with unsupported, self-serving testimony. The uncorroborated evidence submitted at the confirmation hearing was not sufficient to establish a prima facie case as required by law.

For the above and foregoing reasons, the default judgment rendered below is vacated and set aside, and this matter is remanded for further proceedings. All costs are assessed to the plaintiff, Jerry M. Guillory II.

**VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

4