# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 20-063

# KOKOWSKI PLUMBING, L.L.C., D/B/A ROTO ROOTER

# VERSUS

# COUNTRY AIRE MHP, LLC

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, 2019-2349
HONORABLE SHARON DARVILLE WILSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JONATHAN W. PERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Candyce G. Perret and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Skipper M. Drost**
**Drost Law Firm, LLC**
**411 Clarence Street**
**Lake Charles, Louisiana  70601**
**(337) 436-4546**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Country Aire MHP, LLC**


**Joseph A. Delafield**
**A Professional Corporation**
**3401 Ryan Street, Suite 307**
**Lake Charles, Louisiana  70605**
**(337) 477-4655**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Kokowski Plumbing, L.L.C., d/b/a Roto Rooter**

**PERRY, Judge.**

Defendant, Country Aire MHP, LLC (Country Aire), appeals from a default judgment granted in favor of Plaintiff, Kokowski Plumbing, L.L.C., d/b/a Roto Rooter (Roto Rooter), for the sum of $7,170.00, together with $1,750.00 in attorney fees, legal interest from date of judicial demand, and court costs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Roto Rooter filed a suit on an open account against Country Aire on May 13, 2019. In its petition, Roto Rooter alleged Country Aire was indebted to it in the amount of $7,170.00 for services rendered and, further, that Country Aire did not respond to Roto Rooter's written demand for payment pursuant to La.R.S. 9:2781. Attached to Roto Rooter's petition were several documents: (1) an Affidavit of Correctness of Account effectuated by Scott Kokowski; (2) invoice number 2013 specifying services rendered to Country Aire by Roto Rooter on December 21, 2018; (3) invoice number 1940 specifying services rendered to Country Aire by Roto Rooter on January 3, 2019; (4) a March 11, 2019 letter to Country Aire demanding payment of $7,170.00; and (5) the certified receipt evidencing Country Aire received Roto Rooter's demand letter on March 15, 2019. The affidavit attested Scott Kokowski, as the manager of the limited liability company doing business as Roto Rooter, was familiar with the plumbing services rendered to Country Aire by Roto Rooter and had personal knowledge of the invoices relating to the account of Country Aire. Scott Kokowski's affidavit further avowed the balance due of $7,170.00 was accurate.

Roto Rooter obtained a preliminary default against Country Aire on August 6, 2019. On September 26, 2019, Roto Rooter filed a Motion for Confirmation of Default Judgment requesting that a judgment be obtained without a hearing in open

court under the provisions of La.Code Civ.P. art. 1702.1. In accordance with La.Code Civ.P. art. 1702.1(A), counsel for Roto Rooter certified this suit is on an open account; attorney fees were sought under La.R.S. 9:2781; the March 11, 2019 demand letter and return receipt signed on March 15, 2019, were attached to Roto Rooter's motion; and the number of days required by La.R.S. 9:2781(A) had elapsed before suit was filed. In accordance with La.Code Civ.P. art. 1702.1(B), counsel for Roto Rooter further certified Country Aire was personally served on July 15, 2019; a preliminary default was entered in these proceedings on August 6, 2019; and no answer or other pleadings were filed by Country Aire. Roto Rooter's motion also included a proposed final default judgment as well as a certification by a deputy clerk of court verifying that the record in this matter was examined on September 25, 2019, and "no answer or other opposition was filed in these proceedings contesting the allegations made by plaintiff seeking collection of an open account."

On September 26, 2019, the trial court granted Roto Rooter a default judgment against Country Aire, awarding Roto Rooter $7,170.00, as well as legal interest from the date of judicial demand, $1,750.00 in attorney fees, and all court costs. This suspensive appeal by Country Aire followed.

In its sole assignment of error, Country Aire alleges the trial court erred in confirming the default judgment in favor of Roto Rooter, arguing the evidence considered by the trial court was insufficient to establish a prima facie case under La.Code Civ.P. art. 1702(A). In brief, Country Aire asserts that "offering, filing, and introducing into evidents [sic] the contents of a suit record for a confirmation of default . . . is not sufficient[,]" citing the fifth circuit's decision in *Champagne v. Manuel*, 03-1147 (La.App. 5 Cir. 12/30/03), 864 So.2d 797, to buoy its contention. Country Aire also alleges "when the default judgment was rendered, no proof of the underlying claim was mentioned at the confirmation of default hearing."

Roto Rooter contends, on appeal, Country Aire must overcome the presumption the evidence presented to the trial court was sufficient. Roto Rooter further alleges it fully complied with all evidentiary requirements of La.Code Civ.P. art. 1702 for confirming a default by submission of evidence and proof of its demand for payment on an open account. It further contends Country Aire's allegation the trial court failed to consider sufficient evidence to support a prima facie case ignores the evidence in the record and lacks substance. Roto Rooter argues Country Aire fails to state with any degree of certainty what evidence should have, but was not, contained in the record when the trial court's judgment was rendered.

## STANDARD OF REVIEW

> In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Bordelon v. Sayer*, 01-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. This determination is a factual one governed by the manifest error standard of review. *Id.*

*Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. "There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered." *Id.* at 820.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 1701 specifies how to obtain a preliminary default against parties who have not answered timely. Under La.Code Civ.P. art. 1701(A):

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, a preliminary default may be entered against him. The preliminary default may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the preliminary default shall consist merely of an entry in the minutes.

3

Louisiana Code of Civil Procedure Articles 1702 and 1702.1 provide the proper procedure and proof required for confirming a judgment by default. Louisiana Code of Civil Procedure Article 1702 (emphasis added) provides, in relevant part:

A. A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.

B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.

. . . .

(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.

C. In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for the open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, or in which the amount sought is that authorized by R.S. 9:2782 for a check dishonored for nonsufficient funds, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by

4

law and the original and not less than one copy of the proposed final default judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the proposed final default judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the final default judgment. A certified copy of the signed final default judgment shall be sent to the plaintiff by the clerk of court, and notice of the signing of the final default judgment shall be given as provided in Article 1913.

Louisiana Code of Civil Procedure Article 1702.1 establishes the procedure for obtaining a judgment by default without appearing for a hearing in open court, particularly when the demand is confirmed pursuant to La.Code Civ.P. art. 1702(C), i.e., when the demand relates to a suit on an open account. Louisiana Code of Civil Procedure Article 1702.1 (emphasis added) provides:

A. When the plaintiff seeks to confirm a preliminary default without appearing for a hearing in open court as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with a written motion for confirmation of preliminary default and proposed final default judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and the fact that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed since demand was made upon the defendant.

B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other pleading has been filed within the time prescribed by law or by the court.

In *Arias*, 9 So.3d at 820 (citations and footnote omitted), the supreme court explained confirmation of a default judgment as follows:

Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words,

5

the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due.

As Roto Rooter's claim was based on an open account and includes a request for attorney fees, the provisions of La.R.S. 9:2781 are also implicated. Under La.R.S. 9:2781(A), a plaintiff may recover reasonable attorney fees in a judgment based on an open account if the defendant, after written demand correctly setting forth the amount owed, fails to pay the open account balance within thirty days after the written demand was sent. According to La.R.S. 9:2781(D), for the purposes of La.Code Civ.P. art. 1702, an "'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."

In *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993) (footnote omitted), the supreme court outlined the requirements for confirming a preliminary default on a suit on an open account, explaining:

> In setting forth the proof required to confirm a default when the demand is for a sum due on an open account, the legislature provided that prima facie proof is shown by an affidavit of the correctness thereof. LSA-C.C.P. art. 1702(B)(3). "Thereof" simply means "of it." In this context, the affidavit of correctness refers to the validity of the account, i.e. the "correctness" of the sum due. This provision does away with the necessity of taking testimony in order to establish the validity of the account. The existence of the claim, however, is supported by a statement of the account or invoices. Thus, in order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness.

We find the record in the instant matter reveals the trial court's confirmation of the default judgment in favor of Roto Rooter and against Country Aire complied

6

with the procedural requirements set forth in La.Code Civ.P. arts. 1701, 1702, and 1702.1 for properly entering and confirming a judgment by default. We find Roto Rooter complied with the mandatory codal requirements for confirmation of a preliminary default without a hearing in open court.

Country Aire does not identify what evidence it contends the record improperly lacks; however, our review of the evidence and transcript of the confirmation hearing reveals the trial court declared it "had an opportunity to review the record as well as the affidavit and attached exhibits." Country Aire presumably takes issue with the trial court's notice of the Affidavit of Correctness, which was attached to Roto Rooter's petition and not submitted by Roto Rooter as an attachment with its Motion for Confirmation of Default Judgment. This is an untenable position. Country Aire's reliance on *Champagne*, 864 So.2d 797, is equally misplaced. In *Champagne*, the fifth circuit annulled a default judgment finding the plaintiff's failure to introduce an employment application, in which the employee allegedly agreed to reimburse the employer for the cost of training if the employee left his employment within two years, prevented the plaintiff from establishing a prima facie case of breach of contract, as required to support an entry of a default judgment against the former employee in an action seeking reimbursement. The fifth circuit found that although the plaintiff's counsel asked "that the file and its contents be offered, filed, and introduced into evidence[,]" an examination of the record revealed no file was contained in the appellate record. *Id.* at 798. Therefore, the judgment of default was reversed because the employer failed to provide the employment application to support a default judgment based on a breach of contract claim.

In the case before us, we find the evidence considered by the trial court does constitute adequate proof under La.Code Civ.P. art. 1702 of Country Aire's liability.

7

The record contains proof of the debt owed by Country Aire through attachments submitted with Roto Rooter's petition and its motion to confirm default. Accordingly, we conclude Roto Rooter met its burden of proof under La.Code Civ.P. art. 1702 for purposes of confirming the default judgment against Country Aire.

## DECREE

The judgment of the trial court in favor of Kokowski Plumbing, L.L.C., d/b/a Roto Rooter, is affirmed. All costs of this appeal are assessed to Country Aire MHP, LLC.

**AFFIRMED.**